UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 23-CR-397 (CJN) |
| v. | |
| KEITH JONES, | |
| Defendant. | |

## STATEMENT OF OFFENSE

The government respectfully submits the information and proffered statement of offense below in support of Defendant Keith Jones's plea of guilty to Count One of the Superseding Information: Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or More of a Mixture Containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide, also known as Fentanyl, in violation of 18 U.S.C. §§ 846 and 841(b)(1)(B)(vi) and Count Two of the Superseding Information: Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable By Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1).

**I.    Maximum Penalties**

Count One of the Superseding Information

A violation of 18 U.S.C. §§ 846 and 841(b)(1)(B)(vi) carries a mandatory minimum sentence of 60 months' (5 years) of imprisonment and a maximum sentence of 40 years of imprisonment; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $5,000,000.00; a term of supervised release of at least four 4 years, pursuant to 21 U.S.C. § 841(b)(1)(B)(vi), and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Count Two of the Superseding Information

A violation of 18 U.S.C. § 922(g)(1) carries a maximum sentence of 15 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**II.     Elements of the Offense**

**Count 1:**     **21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute a Mixture or Substance Containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide, also known as Fentanyl**

The essential elements of the offense of conspiracy to distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, each of which the Government must prove beyond a reasonable doubt, are:

1.     That an agreement existed between two or more persons to commit the crimes of distribution and possession with the intent to distribute a controlled substance;

2.     That the defendant intentionally joined that agreement; and

3.     That the defendant knew the purpose of the agreement was to distribute and possess with intent to distribute a controlled substance.

The law makes N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide, also known as Fentanyl, a controlled substance.

The essential elements of the underlying offense of possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(B)(vi), each of which the Government must prove beyond a reasonable doubt, are:

1.     That the defendant possessed 40 grams or more of Fentanyl,

2.     That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

3.     That when the defendant possessed the Fentanyl, the defendant had the specific intent to distribute it.

**Count 2:**     18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year

The essential elements of the aforementioned offense, each of which the Government must prove beyond a reasonable doubt, are:

1.   That the defendant knowingly possessed a firearm or ammunition;

2.   That the firearm or ammunition had been shipped and transported in interstate commerce; and

3.   That at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and had knowledge of that fact.

### III.   Brief Statement of Facts

The following proffer of evidence is intended to provide the necessary factual predicate for the guilty plea in this case, rather than a complete statement of all the facts known by the parties. The government and the defendant, Keith Jones, agree and stipulate as follows:

Beginning around August 1, 2021 and continuing until his arrest on October 28, 2023, Mr. Jones distributed and possessed with intent to distribute counterfeit prescription pills that contained fentanyl, while he was in the District of Columbia. At least some of these counterfeit prescription pills are round blue pills stamped with "M" and "30" ("M30").

Mr. Jones would use his Instagram account *300_chief* to advertise counterfeit pills for sale to his followers. Mr. Jones would advertise these pills through Instagram stories displaying pills stating, for example, "I don't pop pills, so come get them now." The post also included the words "for personal use only," though Mr. Jones did intend to distribute some of the pills. Mr. Jones would also advertise counterfeit pills containing fentanyl in direct messages to customers.

During this time period, Mr. Jones agreed to distribute and possess with intent to distribute counterfeit pills containing fentanyl in Washington DC. By way of text messages, Mr. Jones and

3

others acted in furtherance of the conspiracy by coordinating purchases of pills. Mr. Jones acknowledges that he had an agreement with others to distribute at least 957 counterfeit M30 pills containing fentanyl, weighing 105 grams. As part of the conspiracy, Mr. Jones also agreed to distribute at least 99 counterfeit M30 pills containing fentanyl, weighing around 10 grams.

On October 28, 2023, Mr. Jones was in the lobby of the Capitol Park Plaza Apartments located at located at 201 I Street Southwest in Washington D.C. As Mr. Jones saw Special Police Officers approaching, Mr. Jones took flight and attempted to escape from the apartment building. During his flight, Mr. Jones discarded a black Smith & Wesson M&P 40 caliber pistol with serial number DVD4159 that was equipped with a thirteen (13) round magazine and was loaded with nine (9) bullets in the magazine and one (1) bullet in the chamber. As Mr. Jones attempted to discard the firearm, the firearm discharged and struck a window in the lobby of the apartment building. The surveillance footage of the apartment building captured Mr. Jones possessing and attempting to discard the firearm. Mr. Jones was previously convicted on January 3, 2020 on one count of Robbery in Prince George's County Maryland in case number CT190746X. Mr. Jones was sentenced to a period of ten (10) years, execution of sentence suspended as to all but six (6) days followed by three years (3) of supervised probation. On October 28, 2023, Mr. Jones understood that he had been convicted of a crime punishable by imprisonment for a term exceeding one year and that he was prohibited from possessing firearms. Mr. Jones acknowledges that there are no firearms or ammunition manufacturers in the District of Columbia and that the firearm and ammunition traveled in interstate commerce. At a hearing in the United States District Court for the District of Columbia on November 27, 2023, Mr. Jones admitted that he was trying to get rid of the firearm because he was scared.

Mr. Jones acknowledges that everything in the superseding Information is true and he is guilty as charged of Counts One and Two of the Information.

## DEFENDANT'S ACKNOWLEDGEMENT

I, Keith Jones, have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of the offense fully.

Date: 2/15/24

Keith Jones
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 2/15/24

Elizabeth Mullin
Attorney for the Defendant

Justin F. Song
Assistant United States Attorney